**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |
| vs. ) | |
| ) | Case No. 4:06-cr-043 |
| Gordon D. Rettinger, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's Motion to Dismiss filed on November 11, 2006. The Government filed a response to the motion on November 21, 2006. For the reasons outlined below, the motion is denied.

**I.   BACKGROUND**

The defendant, Gordon D. Rettinger (Rettinger), is charged in an indictment with stalking in violation of 18 U.S.C. 2261A(1). See Docket No. 2. The indictment alleges that Rettinger, a non-Indian, entered the Turtle Mountain Indian Reservation with the intent to harass and place under surveillance the victim, identified as J.P.

**II.   LEGAL DISCUSSION**

Rettinger contends that the Government lacks jurisdiction because 18 U.S.C. § 2261A(1) is unconstitutionally overbroad and the statute also interferes with state sovereignty by divesting North Dakota of jurisdiction.

   **A.   THE OVERBREADTH DOCTRINE**

1

Rettinger contends that 18 U.S.C. § 2261A is overbroad because its terms apply to actions performed by a non-Indian against a non-Indian in Indian country, over which the State of North Dakota has exclusive jurisdiction. The overbreadth doctrine has developed in response to challenges that a criminal statute unconstitutionally infringes on an individual's First Amendment free speech rights. The United States Supreme Court "ha[s] not recognized an "overbreadth" doctrine outside the limited context of the First Amendment." United States v. Salerno, 481 U.S. 739, 745 (1987). The Supreme Court has provided that "particularly where conduct [under the First Amendment] and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick v. Oklahoma, 413 U.S. 601, 615-16 (1973).

In United States v. Bowker, 372 F.3d 365, 378 (6th Cir. 2004), the Sixth Circuit rejected an overbreadth challenge to 18 U.S.C. § 2261A and stated that the court "fail[ed] to see how a law that prohibits interstate travel with the intent to kill, injure, harass or intimidate has a substantial sweep of constitutionally protected conduct." The court in Bowker reasoned that "[m]ost, if not all, of these laws' legal applications are to conduct that is not protected by the First Amendment." United States v. Bowker, 372 F.3d 365, 378 (6th Cir. 2004) (remanded on other grounds).

Rettinger has neither cited to nor proposed any application of 18 U.S.C. § 2261A that involves speech or other conduct protected by the First Amendment. To support his argument, Rettinger instead analyzes the General Crimes Act, 18 U.S.C. § 1152, and the Major Crimes Act, 18 U.S.C. § 1153. However, neither of these acts are applicable because federal jurisdiction under 18 U.S.C. § 2261A is premised solely on the Commerce Clause.

18 U.S.C. § 2261A(1) was enacted as part of the Violence Against Women Act of 1994. The Eighth Circuit, along with several other circuit courts have upheld provisions of the Violence Against Women Act as constitutional under a Commerce Clause challenge. See United States v. Wright, 128 F.3d 1274 (8th Cir. 1997) (holding 18 U.S.C. § 2262(a) constitutional); United States v. Lankford, 196 F.3d 563 (5th Cir. 1999) (holding 18 U.S.C. § 2261(a)(1) constitutional under Congress's Commerce Clause power); United States v. Al-Zubaidy, 283 F.3d 804 (6th Cir. 2002) (holding 18 U.S.C. § 2261A constitutional under Congress's Commerce Clause power). The Eighth Circuit has noted that the United States Supreme Court has repeatedly said crossing state lines is interstate commerce regardless of whether any commercial activity is involved. United States v. Wright, 128 F.3d 1274, 1275 (8th Cir. 1997).

It is clear that 18 U.S.C. § 2261A does not criminalize speech. Section 2261A criminalizes conduct when one "travels in interstate or foreign commerce . . . or enters or leaves Indian country." 18 U.S.C. 2261A(1). Rettinger entered and left the Turtle Mountain Indian Reservation and has failed to identify any activity protected by the First Amendment. The Court finds that Rettinger has wholly failed to demonstrate that 18 U.S.C. 2261A is substantially overbroad.

**B.     TENTH AMENDMENT**

Rettinger also contends that 18 U.S.C. § 2261A is invalid because it interferes with state sovereignty by divesting a state judicial system of jurisdiction. The Tenth Amendment reserves to the states all powers not vested by the Constitution in the federal sovereign. See Printz v. United States, 521 U.S. 898, 899-900 (1997). It is well-settled that if Congress properly acts pursuant to

one of its enumerated powers, its work product does not offend the Tenth Amendment. See Gregory v. Ashcroft, 501 U.S. 452, 460 (1991).

The Sixth Circuit has analyzed Congress's authority to enact 18 U.S.C. § 2261A under the provisions of the Commerce Clause of Article I, Section 8, Clause 3 of the United States Constitution. United States v. Al-Zubaidy, 283 F.3d 804, 810-12 (6th Cir. 2002). In Al-Zubaidy, the Sixth Circuit upheld the constitutionality of 18 U.S.C. § 2261A, and this Court finds the reasoning and the holding in Al-Zubaidy to be persuasive. The Eighth Circuit, in an unpublished opinion, has rejected a Commerce Clause constitutional challenge to 18 U.S.C. § 2261A. United States v. Vollmer, No. 00-1093, 2001 WL 21234, *1 (8th Cir. 2001) (unpublished). The Eighth Circuit has also rejected a Tenth Amendment challenge to 18 U.S.C. § 2261(a)(1), a similar provision of the Violence Against Women Act of 1994.[1] United States v. Wright, 128 F.3d 1274 (8th Cir. 1997). In United States v. Wright, 128 F.3d 1274 (8th Cir. 1997), the court rejected the defendant's Commerce Clause challenge to 18 U.S.C. § 2261(a)(1) and provided that "the Tenth Amendment expressly disclaims any reservation of that power to the States."

This statute does not affect what the state of North Dakota can or cannot do. The defendant's jurisdictional analysis is irrelevant because the statute in question (18 U.S.C. § 2261A) does not require that the criminal offense occur in Indian country. If the criminal offense did occur in Indian

---

[1] 18 U.S.C. § 2261(a)(1) governs interstate domestic violence and has almost identical jurisdictional provisions as 18 U.S.C. 2261A. 18 U.S.C. § 2261(a)(1) provides:

> (a) Offenses.--
> (1) Travel or conduct of offender.--A person who travels in interstate or foreign commerce or enters or leaves Indian country or within the special maritime and territorial jurisdiction of the United States with the intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner, and who, in the course of or as a result of such travel, commits or attempts to commit a crime of violence against that spouse or intimate partner, shall be punished as provided in subsection (b).

country, the state of North Dakota would not have jurisdiction to prosecute an offense committed by a non-Indian against one who is an Indian in Indian country. Only the United States would have jurisdiction to prosecute such an offense. See Williams v. United States, 327 U.S. 711, 714 (1946) (laws and courts of the United States, rather than those of Arizona, have jurisdiction over offenses committed by one who is not an Indian against one who is an Indian).

Rettinger also argues that the statute should be invalidated since it could apply to conduct committed by a non-Indian against a non-Indian in Indian country. That is incorrect. If the conduct was wholly within Indian country, and the actor did not "travel in interstate or foreign commerce... or enter or leave Indian country," the United States would not have jurisdiction under the statute, because the jurisdictional element would be lacking.

Finally, Rettinger contends that the statute somehow divests the State of its jurisdiction to prosecute an offense. Again, the statute has no effect on the State's jurisdiction. The State retains the authority to prosecute when the appropriate circumstances are present. Under the dual sovereignty doctrine, the federal government and the State can bring successive prosecutions for offenses arising from the same criminal conduct. See Heath v. Alabama, 474 U.S. 82, 88 (1985) (under dual sovereignty doctrine, federal government and states are separate sovereigns and each has the power to determine what shall be an offense against its authority and to punish such offenses); United States v. Leathers, 354 F.3d 955, 960-961 (8th Cir. 2004) (no barred criminal proceedings by federal government after previous state court conviction for same offense because the United States and Missouri are distinct sovereigns).

After a thorough review of the relevant case law, the Court finds that 18 U.S.C. § 2261A falls within Congress's authority to act under the Commerce Clause and the statute does not violate the Tenth Amendment.

### III.   CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (Docket No. 52) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 27th day of November, 2006.

>  */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court